---

## 4224.  WRIGHT *v.* WATTERS.

Until the grantee in a deed has paid the purchase-price in full, he is liable for any balance thereof remaining unpaid. It is within the power of a vendor, in agreeing to the sale of his land, to fix the consideration for which he will part with his title; and it is immaterial whether the consideration is to be paid wholly in money, or partly in money and other things of value. It may include payment of the debt of a third person who is not a party to the contract of sale.

DECIDED FEBRUARY 11, 1913.

Complaint; from city court of Floyd county—Judge Reece. May 10, 1912.

The action was by Mrs. Annie E. Wright against Allie W. Watters. The petition was dismissed on demurrer, and the plaintiff excepted. It alleges that the defendant is indebted to the plaintiff in the sum of $1,000 and interest thereon to January 29, 1912, and $17.75 costs, besides interest from that date, by reason of the following facts: The plaintiff's husband, Seaborn Wright, signed a subscription for $1,000, to procure the building of a railroad between designated places. Afterwards, on May 3, 1909, he gave to the defendant an option to purchase certain property of which the plaintiff was owner. The option was in these terms: "For the space of twelve hours beginning at 12 noon, May 3, and in consideration of $10.00 to me in hand paid, I hereby give to A. W. Watters an option on my mill property [described] for the sum of ten thousand dollars to be paid cash. In addition for the payment said Watters is to contribute one thousand dollars to the building of a railroad through the property, and is to give the right of way through said property, the same being the thousand dollars subscribed by Seaborn Wright to said railroad. [Signed] Seaborn Wright." The subscription made by Seaborn Wright was in truth a subscription made by the plaintiff, it being made with the expectation that the construction of the railroad would benefit her property. The option mentioned was given in the name of Seaborn Wright for her, and was ratified and approved by her by the execution of a deed to Watters in accordance with the terms of the option. She executed this deed to Watters on May 4, 1909, for $10,000 cash and his assumption of the said subscription of $1,000, the recital therein of the cash consideration being followed by these words: "In addition to the above consideration, second party assumes payment of a one thousand dollar subscription made by Seaborn Wright to a railroad to run by the property, and agrees to pay same according to the terms of the subscription." This subscription for $1,000 became due on June 16, 1910, and Watters refused to pay it. Demand was made upon Watters to pay the said $1,000, in accordance with the agreement he had entered into with the plaintiff, and he refused to pay it. The contractual relations of the holders of the subscription for $1,000 were with Seaborn Wright only, and suit was brought against him to recover

the same, though liability for the said sum had been assumed by Watters. Seaborn Wright had no defense to that suit, and submitted to suit only for the purpose of requiring Watters to set up any defense that he might have, and, for this reason, vouched Watters into court, serving upon him notice of pendency of the suit, together with a copy of the petition and process served. (Copies of these papers are attached, and in the notice it is said: "You are further notified that in the event of recovery in said suit against me. I have a remedy over against you by reason of your assumption of my subscription as aforesaid.") Watters failed to defend that suit and failed to notify Seaborn Wright of any defense, and judgment was rendered against Seaborn Wright for $1,000 principal and interest to January 29, 1912, and $17.75 costs; which sums have been paid by this plaintiff. The plaintiff pleads that judgment as a conclusive bar to any defense which Watters could have set up against the collection of the subscription. In a second count it is alleged that by novation of contract between the plaintiff, her husband, and Watters, liability for the subscription for $1,000 was assumed by Watters; and that she has fully paid the said subscription of $1,000, with interest thereon.

*Lipscomb, Willingham & Wright,* for plaintiff, cited: Civil Code (1910), § 4180; *Georgia Southern R. Co.* v. *Reeves,* 64 *Ga.* 492; *A., K. & N. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (110 Am. St. R. 215, 6 L. R. A. (N. S.) 436); Atlantic Dock Co. v. Leavitt, 54 N. Y. 35; Sexauer v. Wilson, 136 Iowa, 364 (14 L. R. A. (N. S.) 193, 113 N. W. 941); 11 Cyc. 1045.

*Maddox & Doyal,* for defendant, cited: Civil Code, § 5516; *City of Lyons* v. *Kelley,* 6 *Ga. App.* 367; *Hawkins* v. *Central Ry. Co.,* 119 *Ga.* 159; *State* v. *Bank of Quitman,* 117 *Ga.* 849; *Wright* v. *Continental Ins. Co.,* 117 *Ga.* 499; *Terrell* v. *Stevenson,* 97 *Ga.* 570; *Richmond & Danville R. Co.* v. *Bedell,* 88 *Ga.* 591; Civil Code, § 5821; *Central Ry. Co.* v. *Macon Ry. Co.,* 9 *Ga. App.* 628; *Raleigh & Gaston R. Co.* v. *W. & A. R. Co.,* 6 *Ga. App.* 616; *Armour Car Lines* v. *Summerour,* 5 *Ga. App.* 619; *McArthor* v. *Ogletree,* 4 *Ga. App.* 429.

RUSSELL, J. The trial judge did not state the reasons for his judgment, in the order dismissing the plaintiff's petition, but, as appears from the brief for the defendant, it would seem that the demurrer was sustained on the ground that the plaintiff could not

maintain her action because Seaborn Wright was not a party to the deed, a portion of the consideration of which is made the basis of the suit. Counsel for the defendant strenuously insists that Mrs. Wright could not maintain the action against Watters because she was in no way bound for her husband's original subscription, nor by the judgment rendered against him, and that any payment of the judgment on her part was a purely voluntary act, and in no way gave her a right to sue in this case.

We think the petition sets forth a good cause of action and that the trial judge erred in dismissing it. Conceding that Mr. Wright is in no sense a party to the contract between the plaintiff and the defendant, and that his wife, who is the plaintiff, was in no way bound by the subscription, still we know of no rule of law which forbids her making the debt or obligation of any person in whom she is interested, or which she for any reason desires to pay, a part of the consideration—the purchase-price—of land which she is selling. The undertaking of the defendant to pay the subscription of Seaborn Wright, in her view of the case, is as much a part of the consideration of the deed as the $10,000 agreed to be paid in cash. It occupies the same relation to the deed in this case as if the purchase-price had been $11,000 instead of $10,000. And if the purchase-price had been $11,000, and only $10,000 of it had in fact been paid, no one will contend that Mrs. Wright could not maintain an action to recover the unpaid balance of the purchase-money, whatever that amount may be, or whensoever or howsoever it might be contracted to be paid. Although the deed recites the receipt of the purchase-price, the question as to whether the purchase-price has been wholly paid, or only partially paid, or not paid at all, is always a legitimate subject of inquiry; and even though the deed passes title to the defendant in such an action, the recital of the deed will not defeat the vendor's recovery of a judgment for whatever portion of the purchase-price may remain unpaid.

In our view of this case, compliance on the part of Watters with his undertaking to pay the subscription which he contracted to pay is necessary to effect his complete discharge from liability for the purchase-price of the land; and it is wholly immaterial who made the subscription, or that the subscription was originally made by the plaintiff's husband instead of herself. But even if we should

be in error as to this, the petition alleges that the subscription, though made by Seaborn Wright, was ratified by his wife, and was originally made for her benefit, in order to increase the value of the very property of hers which was sold to Watters. And certainly, if the plaintiff proves this allegation, the assumption by Watters of Wright's contract would seem to be a good consideration, even under the contention of the defendant. We hold, however, as above stated, that until the grantee in a deed has paid the purchase-price in full, he is liable for any balance thereof remaining unpaid; and it is within the power of a vendor, in agreeing to the sale of his land, to fix the consideration for which he will part with his title. It is immaterial, provided the consideration is valuable, whether it is to be paid wholly in money, or partly in money and other things of value. And the consideration may include the payment of the debt of a third person who is not a party to the contract of sale. In the present case the fact that the plaintiff is the wife of the person whose debt is to be paid does not affect the ruling, because it is alleged that the original obligation of the husband was assumed for the benefit of the wife and her property— merely as her agent and without any apparent benefit to himself, and was subsequently ratified by her. It can not be treated as a case in which the wife has assumed liability for her husband's indebtedness. Even if it could, the defendant in the present case is not in a position to raise the point. His promise to pay the amount involved, as a part of the consideration of the deed which gives him possession of the land, estops him.          *Judgment reversed.*