## 5603. WATTERS v. WRIGHT.

BROYLES, J. 1. While some illegal evidence may have been admitted, no substantial error that could materially prejudice the legal rights of the defendant was committed by the court in the admission thereof.

2. It is contended that the court erred in directing a verdict for the full amount sued for, when it had not been affirmatively shown that the railroad had been completed from Rome to Gore, Georgia; and that it was shown that the plaintiff, Mrs. Wright, had not paid the full amount of the judgment against her husband, Seaborn Wright. In our opinion, the evidence and the pleadings were sufficient for the judge or jury to legitimately infer that the railroad had been completed according to the subscription contract. We think also that the evidence conclusively showed that the plaintiff had paid the full amount of the judgment against her husband. The fact that Seaborn Wright gave, or loaned, to his wife $309.94 worth of wood, which she used in paying the judgment against him, is immaterial,—the undisputed evidence being that the subscription had been made for the benefit of her property, and that she had paid the full amount of the judgment.

3. The rulings of this court, when this case was here on a former writ of error (*Wright* v. *Watters*, 12 *Ga. App.* 308, 77 S. E. 106), were that the $1,000 subscription to procure the building of the railroad was part of the purchase-money of the land sold to the defendant Watters by the plaintiff; that it was immaterial whether the consideration was paid wholly in money, or partly in money or other things of value; that it was immaterial whether this subscription was made by the plaintiff herself, or by Seaborn Wright, her husband; that the subscription, though made by Seaborn Wright, was really the subscription of his wife, and was afterwards ratified by her; that the subscription was originally made for the benefit of her property—the very land which was bought by Watters; that the defendant's compliance with his undertaking to pay this $1,000, as a part of the consideration of the deed which gave him possession of the land, is necessary to effect his complete discharge from liability for the purchase-price of the land; and that the petition in this case set forth a good cause of action. Under the above rulings, as all the material allegations were substantially proved as laid, and the verdict was demanded by the legal evidence admitted, the court did not err in directing the same in favor of the plaintiff.

*Judgment affirmed. Russell, C. J., dissents.*
DECIDED FEBRUARY 24, 1915.

Complaint; from city court of Floyd county—Judge Reece. February 14, 1914.

*Maddox & Doyal,* for plaintiff.
*Barry Wright, Nathan Harris,* for defendant.